# United States Court of Appeals
### For The District of Columbia Circuit

_____

No. 14-1234                                             September Term, 2015

FCC-14-164

Filed On: September 10, 2015

Bais Yaakov of Spring Valley, et al.,

        Petitioners

        v.

Federal Communications Commission and
United States of America,

        Respondents

------------------------------

Quill Corporation, et al.,
                       Intervenors

------------------------------

Consolidated with 14-1235, 14-1239,
14-1243, 14-1270, 14-1279, 14-1292,
14-1293, 14-1294, 14-1295, 14-1297,
14-1299, 14-1302

**BEFORE:**     Griffith and Srinivasan, Circuit Judges

## O R D E R

       Upon consideration of the court's order filed May 6, 2015, and the joint proposed briefing format and schedule submitted in response thereto; and the motion by the National Federation of Independent Business Small Business Legal Center for leave to participate as amicus curiae and the oppositions thereto by petitioners in Nos. 14-1234 and 14-1235, it is

       **ORDERED** that the motion for leave to participate as amicus curiae be granted, subject to the limitation set forth in the briefing format below. It is

       **FURTHER ORDERED** that the following briefing format and schedule apply in these consolidated cases:

# United States Court of Appeals
### For The District of Columbia Circuit

_____

| | |
|---|---|
| **No. 14-1234** | **September Term, 2015** |

| | |
|---|---|
| Joint Principal Brief for Class Action Defendant-Petitioners and Supporting Intervenors (not to exceed 7,000 words) | November 9, 2015 |
| Joint Principal Brief for Bais Yaakov Petitioners (not to exceed 7,000 words) | November 9, 2015 |
| Brief for Amicus Curiae Supporting Class Action Defendant-Petitioners (not to exceed 3,500 words) | November 16, 2015 |
| Brief for Respondents (not to exceed 14,000 words) | December 24, 2015 |
| Joint Brief for Intervenors in Support of Respondents, supporting grant of retroactive waivers (not to exceed 4,375 words) | January 25, 2016 |
| Joint Brief for Intervenors in Support of Respondents, supporting denial of declaratory ruling and retention of the Rule (not to exceed 4,375 words) | January 25, 2016 |
| Joint Reply Brief for Class Action Defendant-Petitioners and Supporting Intervenors (not to exceed 3,500 words) | February 24, 2016 |
| Joint Reply Brief for Bais Yaakov Petitioners (not to exceed 3,500 words) | February 24, 2016 |
| Deferred Joint Appendix | March 2, 2016 |
| Final Briefs | March 9, 2016 |

# United States Court of Appeals
### For The District of Columbia Circuit

_____

**No. 14-1234**　　　　　　　　　　　　　　　　　　**September Term, 2015**

　　The parties have made no attempt to justify their request to exceed in the aggregate the standard word allotment for their briefs, as the court's May 6 order directed them to do.  Intervenors supporting respondents are cautioned to limit their briefs to arguments relating to those portions of the respondent agency's decision that they support.  Amicus is cautioned to avoid repeating petitioners' presentation and to concentrate on relevant points not adequately developed in the petitioners' brief.  See Fed. R. App. P. 29; D.C. Cir. Rule 29(a).

　　The parties will be notified separately of the oral argument date and composition of the merits panel.  The court reminds the parties that

> In cases involving direct review in this court of administrative actions, the brief of the appellant or petitioner must set forth the basis for the claim of standing....  When the appellant's or petitioner's standing is not apparent from the administrative record, the brief must include arguments and evidence establishing the claim of standing.

See D.C. Cir. Rule 28(a)(7).

　　To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms.  While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known.  See D.C. Circuit Handbook of Practice and Procedures 41 (2015); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

　　Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due.  Filing by mail may delay the processing of the brief.  Additionally, counsel are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail.  See Fed. R. App. P. 25(a).  All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover.  See D.C. Cir. Rule 28(a)(8).

　　　　　　　　　　　　　　　　　**Per Curiam**

　　　　　　　　　　　　　　　　　**FOR THE COURT:**
　　　　　　　　　　　　　　　　　Mark J. Langer, Clerk

　　　　　　　　　　　　　**By:**　/s/
　　　　　　　　　　　　　　　　Robert J. Cavello
　　　　　　　　　　　　　　　　Deputy Clerk